IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | No. CR-06-108-C |
| | ) | CIV-16-669-C |
| NOE RODRIGUEZ-RUIZ, | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Defendant filed a pro se Motion seeking relief from a sentence pursuant to 28 U.S.C. § 2255 based on the Supreme Court's recent decision in <u>Johnson v. United States</u>, ___ U.S. ___, 135 S.Ct. 2551 (2015). The Court appointed counsel to assist Defendant. Counsel filed a supplement to Defendant's § 2255 Motion, as well as a Reply to Plaintiff's Response.

On June 20, 2006, a Superseding Indictment was filed against Defendant asserting in Count 1, possession of a firearm after conviction of a felony in violation of 18 U.S.C. § 922(g); Count 2, possession of a Schedule II controlled substance (cocaine) in violation of 21 U.S.C. § 844(a); and Count 3, possession of a firearm during a drug-trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A). Defendant pleaded guilty to Count 1, and Counts 2 and 3 were dismissed pursuant to a plea agreement. Prior to sentencing, Plaintiff filed a notice that it would seek imposition of a sentence under the enhanced penalty provisions of 18 U.S.C. §§ 924(e)(1) ("ACCA"). Plaintiff's notice was based upon three prior convictions – aggravated assault on a peace officer in Tarrant County, burglary of a habitation in Dallas County, and conspiracy to possess with intent to distribute marijuana and cocaine in the

United States District Court for the Western District of Oklahoma. A Presentence Investigation Report was prepared which determined that Defendant was subject to enhancement under the ACCA, citing the three prior convictions in the notice. Defendant objected to application of the ACCA; the Court overruled that objection and imposed sentence of 188 months' imprisonment, applying the ACCA to reach that sentence.

As noted, Defendant now seeks relief from that sentence, arguing that based upon the Supreme Court's decision in Johnson, application of the ACCA to him is invalid. Johnson invalidated a portion of the ACCA, finding that it was unconstitutionally vague. Specifically, the Court invalidated the phrase, "otherwise involves conduct that presents a serious potential risk of physical injury to another." Johnson, 135 S.Ct. at 2555-56 (quoting 18 U.S.C. § 924(e)(2)(B)). Thus, after Johnson, a prior felony only qualifies as a "violent felony" for ACCA purposes if it satisfies what is known as the "force clause"; that is, if it "has as an element the use, attempted use, or threatened use of physical force against the person of another" or if it satisfies the other enumerated offense clauses. Id. Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257 (2016), made Johnson's holding retroactive to cases on collateral review; thus Defendant's present petition is timely brought and is ripe for consideration.

Defendant concedes that his prior conviction for possession and conspiracy to distribute and possess is a valid predicate offense for application of the ACCA. However, Defendant argues that his other two felonies – the assault on the police officer and/or burglary of habitation – do not fall within the ACCA. Thus, the Court must consider the

2

underlying convictions and determine if they fall within one of the still-valid provisions of the ACCA.

The Court's review in this matter is governed by the framework described by the Supreme Court in Mathis v. United States, ___ U.S. ___, 136 S. Ct. 2243 (2016). "To determine whether a prior conviction is for generic burglary (or other listed crime) courts apply what is known as the categorical approach: They focus solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case." Id. at 2248. The Court is not to consider the particular facts underlying the conviction when applying the categorical approach. Descamps v. United States, ___ U.S. ___, 133 S.Ct. 2276, 2283 (2013). Instead, the focus is on the elements of the offense, those "things the prosecution must prove to sustain a conviction . . . [or] [a]t a trial . . . what the jury must find beyond a reasonable doubt to convict the defendant." Mathis, 136 S.Ct. at 2248 (internal quotation marks and citation omitted). If the statutory offense encompasses contact more broad than the generic crime, or required violent force or physical force "a conviction under that law cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form." Descamps, 133 S.Ct. at 2283.

In certain circumstances, the Court may employ a modified categorical approach. This approach may be used only when the offense of conviction is "divisible," meaning it has multiple alternative elements, some of which encompass behavior outside the scope of the generic crime or require the element of violent force. Descamps, 133 S.Ct. at 2283. If the modified categorical approach applies, it permits the Court to review "the terms of a plea

3

agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." Shepard v. United States, 544 U.S. 13, 26 (2005). Notably, a statute is not divisible for purposes of applying the modified categorical approach if the statute lists alternative means of violating a single element, and one of those means would not qualify as an ACCA predicate. Mathis, 136 S.Ct. at 2254-55. This raises the issue of whether the enumerated alternatives are "means" or "elements." Id. While the Supreme Court has never provided a bright line definition or rule regarding what is an "element" as opposed to "means," in Mathis the Supreme Court noted that making the determination will be "easy" when the state's highest criminal court has decided the issue; that is, has the state's highest criminal court determined what specific elements must be determined in order to find the defendant guilty of the statute.

1. Burglary

The Court will first consider Defendant's conviction for burglary of a habitation. Under the ACCA, the generic version of burglary contains the following elements: "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 598 (1990). Thus, the statute under which Defendant was convicted must have these elements and if it defines it more broadly, then it must be divisible. Defendant's statute of conviction states:

"(a) A person commits an offense if, without the effective consent of the owner, he:

4

> (1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft; or
> (2) remains concealed, with intent to commit a felony or theft, in a building or habitation; or
> (3) enters a building or habitation and commits or attempts to commit a felony or theft.
>
> Tex. Penal Code § 30.02(a) (1989)."

(Pl.'s Resp., Dkt. No. 85, pp. 9-10). The parties do not dispute that this statute is broader than the generic definition of burglary. See also Taylor, 495 U.S. at 598 (recognizing that the generic definition of burglary includes having the intent to commit a crime prior to entry). The Court must now determine whether the Texas statute is divisible.

Plaintiff directs the Court to United States v. Conde-Castaneda, 753 F.3d 172, 175 (5th Cir. 2014), where the Fifth Circuit considered whether the modified categorical approach would apply to Texas Penal Code § 30.02. The Fifth Circuit held the statute was divisible because there are differing elements required for a conviction under § 30.02(a)(1) and (a)(3). In reaching this decision, the Fifth Circuit followed the elements-based approach set out in Descamps and held required by Mathis. The Fifth Circuit then determined that a conviction under that Texas statute fell within the ACCA's definition of generic burglary. Thus Plaintiff asserts, Defendant's conviction under this statute qualifies as a violent felony under the ACCA's enumerated offense clause and Defendant's sentence under the ACCA would stand on this claim.

Defendant argues Plaintiff's reliance on Conde-Castaneda ignores the change Mathis made to Descamps. According to Defendant, Plaintiff's analysis runs afoul of Mathis

5

because it fails to consider whether the alternatives are true alternatives which would require jury unanimity, or merely alternative means of committing a single offense. According to Defendant, if the jury could disagree on which element Defendant committed, but still agree he violated the statute, the modified categorical approach cannot be used. See Mathis, 136 S.Ct. at 2254. That is, some members of the jury could find Defendant had the intent to commit a felony, while others could be convinced he actually committed the felony.

Defendant's argument, while intriguing, fails to acknowledge settled Fifth Circuit law. In United States v. Uribe, 838 F.3d 667, 2016 WL 5724779 (5th Cir. Oct. 3, 2016)[*], that court held Conde-Castaneda was still good law, even following Mathis. The Uribe court held § 30.02(a)(1) is elements-based and divisible and so the modified categorical approach should be used to examine a conviction under that statute.

When the "Shepard" documents underlying Defendant's conviction are examined, it is clear that Defendant was convicted of knowingly and intentionally entering a habitation without the owner's consent with the intent to commit theft. Thus, applying the modified categorical approach, Defendant's conviction under Tex. Penal Code § 30.02(a) (1989), falls within the generic definition of burglary and can serve as a predicate offense triggering application of the ACCA.

2. Aggravated Assault

---

[*] The Court recognizes Defendant's argument that Uribe is wrongly decided and finds that argument unpersuasive.

As to Defendant's conviction for aggravated assault against a peace officer, Defendant pleaded guilty to committing an aggravated assault in violation of Texas's aggravated assault statute, Texas Penal Code § 22.02.

> "The Texas aggravated-assault section states:
>
> > (a) A person commits an offense if the person commits assault as defined in Section 22.01 of this code and the person:
> > (1) causes serious bodily injury to another, including the person's spouse;
> > (2) threatens with a deadly weapon or threatens to cause bodily injury or causes bodily injury to a peace officer . . . while the peace officer . . . is lawfully discharging an official duty . . . .
>
> Tex. Penal Code § 22.02 (1989)."

(Pl.'s Resp., Dkt. No. 85, p. 16.)

Plaintiff argues the conviction under this statute can serve as a violent felony under the ACCA. The Supreme Court has held that a "violent felony" means "force capable of causing physical pain or injury to another person." C. Johnson v. United States, 559 U.S. 133, 140 (2010). Turning to the Texas statute, Plaintiff notes that to count as an aggravated assault, the Defendant must cause or threaten bodily injury, or threaten or use a deadly weapon.

> "Serious bodily injury" is defined in the Texas statute as "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." Tex. Penal Code § 1.07(a)(34) (1989). "Deadly weapon" means "a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury" or "anything that in the manner of its use of intended use is capable of causing death or serious bodily injury." Tex. Penal Code § 1.07(a)(11) (1989).

7

(Pl.'s Resp., Dkt. No. 85, pp. 16-17.) Thus, an assault that includes a deadly weapon necessarily includes the actual or attempted use or threatened use of physical force against the person of another and would qualify under § 924(e)(2)(B)(i).

Defendant argues there are numerous ways for a person to be convicted under the statute that would not constitute a violent felony. First, a person could commit the assault recklessly, see Reed v. Texas, 117 S.W.3d 260, 264 (Tex. Crim. App. 2003), and thus not have the required intent. Second, even under § 22.02 a defendant could be convicted for threats without the required intentional violent physical force. Defendant also directs the Court to the Fifth Circuit's decision in Gomez-Perez v. Lynch, 829 F.3d 323 (5th Cir. 2016). In that case, the Fifth Circuit considered a conviction under § 22.01(a)(1) of the Texas Penal Code. The Circuit determined the statute was not divisible applying the holding of Mathis, and therefore could not count as a predicate felony under the ACCA. The Tenth Circuit reached a similar conclusion in United States v. Zuniga-Soto, 527 F.3d 1110 (10th Cir. 2008) (finding that because the Texas statute permitted a determination of guilt with a reckless *mens rea*, the statute could not serve as predicate offense for U.S.S.G. § 2L1.2).

Plaintiff counters, arguing the Supreme Court clarified the issue in Voisine v. United States, ___ U.S. ___, 136 S.Ct. 2272 (2016), holding inclusion of recklessness does not prevent classification as a violent felony. However, as Defendant notes, Voisine is inapplicable to the case at bar. Voisine considered what crime was sufficient to prohibit possession of firearm under 18 U.S.C. § 922(g)(9), where the statute at issue here is § 924.

The Supreme Court has treated the two statutes differently. See C. Johnson, 559 U.S. at 143-44.

The Court finds the holdings of the Fifth and Tenth Circuits dispositive of the issue. As outlined above, both Circuits have held a conviction under the relevant Texas statute cannot serve as a predicate offense to trigger application of the ACCA. Accordingly, application of that conviction to enhance Defendant's sentence is impermissible after Johnson.

## **CONCLUSION**

Although Defendant's conviction for burglary is valid for application of the ACCA, his conviction for aggravated assault is not. Accordingly, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. No. 78) is GRANTED. A new sentencing hearing will be set.

IT IS SO ORDERED this 23rd day of November, 2016.

_____
ROBIN J. CAUTHRON
United States District Judge